UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| OLINKA LASHAE CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:25-cv-00029-HAB-ALT |
| | ) | |
| HICKORY TREATMENT CENTER, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On April 10, 2026, Defendant filed its motion to compel (ECF 44), asking that the Court compel Plaintiff provide complete answers to various interrogatories, supplement requests for production, and attend a second deposition (*id*.). On April 24, 2026, Plaintiff filed her response in opposition. (ECF 45, 48). Defendant filed its reply on May 1, 2026. (ECF 50). I held a hearing on the motion on May 7, 2026, at which oral argument was heard. (ECF 53). For the reasons below, Defendant's motion to compel (ECF 44) is GRANTED in part and DENIED in part.

### I.    Relevant Facts and Background

Plaintiff filed this employment discrimination case alleging disparate treatment when she was fired for violating an attendance policy. (ECF 1). She alleges similarly situated white employees were treated differently and were not fired when they violated the policy. (*Id*.).

Leading up to Plaintiff's deposition in early April, Plaintiff allegedly provided incomplete answers to interrogatories and production of documents. (ECF 44 at 1-2). Throughout March and early April, Plaintiff claims she supplemented responses and provided additional documents, but not all that Defendant requested. (*See* ECF 48). However, Defendant argues that the late production of documents and the lack of production of others, impacted its ability to take

1

Plaintiff's deposition. (ECF 44 at 6-8). Plaintiff argues she has agreed to supplement her responses and provide additional information. (ECF 48).

Defendant requests that it depose Plaintiff for a second time to make up for an unsatisfactory first deposition. (ECF 44 at 6-8). Defendant requests costs and fees associated with a second deposition and the filing of the motion to compel. (*Id.*).

## II.    Legal Standard

The scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Pro. 26(b)(1); *see Davis v. Ind. Packers Corp.,* No. 4:21-CV-24, 2022 WL 1642313, at *1 (N.D. Ind. May 24, 2022). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Davis,* 2022 WL 1642313, at *1 (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Federal Rule of Civil Procedure 37(a). The party objecting to the discovery request bears the burden of showing why the request is improper. *Davis,* 2022 WL 1642313, at *1 (citing *McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008)). When determining matters related to discovery, the Court is afforded broad discretion. *Id.* (citing *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014).

## III.    Discovery Disputes and Analysis

### a.   *Interrogatory No. 7*

Interrogatory No. 7 asks Plaintiff to identify any journals, notes, recordings, photographs, or other such memoranda of any meetings, events, conversations, or other communications concerning the factual allegations against Defendant in her complaint. (ECF 44-3). Defendant asks that Plaintiff supplement her response to include information about bates-label Clark – RPD 011, which is a letter she allegedly drafted during her employment with Defendant. (ECF 44 at 2-3). However, Plaintiff argues that she provided the letter in her first production on August 29, 2025. (ECF 48 at 2-3). She says that because the document does not address the factual allegations in Plaintiff's amended complaint, it does not need to be included in Plaintiff's interrogatory response because it is not responsive. (*Id.*).

Without reviewing the letter, I cannot determine if it is responsive and needs to be included in this interrogatory response. Plaintiff was ordered at the hearing on May 7, 2026, to submit the letter for in camera review on or before May 15, 2026. A supplemental order will follow addressing this interrogatory after in camera review is complete.

### b. *Interrogatory Nos. 13-15*

Interrogatory Nos. 13-15 ask for information regarding Plaintiff's involvement in bankruptcy proceedings, administrative proceedings, civil and criminal proceedings. (ECF 44-3). However, Plaintiff limited her responses to the last five years only. (*Id.*). Defendant requests that Plaintiff provide the information without any limitation. (ECF 44 at 3-4). Plaintiff argues the Seventh Circuit routinely limits discovery request to a five-year look back period. (ECF 48 at 3-5).

Plaintiff's understanding of the caselaw in this area is incorrect. Plaintiff relies on *Wilson v. Kautex* to argue the Seventh Circuit routinely limits discovery requests to a five-year look back

period. (ECF 48 at 3-5); *see* No. 1:07-CV-60, 2008 WL 162645, at *6 (N.D. Ind. Jan. 14, 2008). However, that is a mischaracterization of *Wilson*. In *Wilson*, the court discusses a plaintiff's request for information related to any and all any racial discrimination claims brought against a company with no limit on timeframe. *Id.* In this circumstance, the Seventh Circuit does seem to limit the timeframe to five years, given the burden on a corporate defendant to produce such records, and the relevancy of such a broad scope of information for a plaintiff's case. *Id.* However, where a party seeks information about litigation activity from an individual person, courts in the Seventh Circuit do not mention a limit on timeframes. *See e.g., Davis*, 2022 WL 1642313, at *1; *Stock v. Integrated Health Plan, Inc.,* No. 3:06-CV-215-DRH, 2006 WL 3076457, at *1 (S.D. Ill. Oct. 27, 2006); *Andreyev v. Richards*, No. 09-CV-651-SLC, 2010 WL 1655856, at *2 (W.D. Wis. Apr. 23, 2010). Given the burden on an individual plaintiff to her own litigation activity is minimal, I will not accept Plaintiff's contention that *Wilson* is applicable here.

Further, Plaintiff's position is inconsistent with the Federal Rules of Evidence which do not provide limits on consideration of past criminal convictions until those convictions are 10 years old, not 5 years old. *See* Fed. R. Evid. 609(b). Additionally, even if those convictions are over 10 years old, Rule 609(b) provides a standard by which to admit that evidence. If such evidence of 10-year-old criminal convictions are admissible, and older ones are admissible under certain circumstances, convictions over 5 years old must be minimally discoverable. Plaintiff's contention that discovery of litigation history is limited to a five-year look back period is illogical.

Plaintiff also argues producing her litigation history beyond five years is not proportional to the case at hand. (*See* ECF 48). However, when questioned further, Plaintiff's counsel stated

his client was seeking $200,000 in damages. Considering Plaintiff's own valuation of the case, allowing discovery of greater than five years of information Plaintiff can easily access is certainly proportional. *See Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

The motion to compel is granted as to Interrogatory Nos. 13-15. Plaintiff is ordered to supplement her responses to include a complete litigation history, with no timeframe restriction.

### c. Interrogatory No. 17

At the May 7, 2026, hearing, the parties agreed that Plaintiff supplemented this interrogatory and there is no ongoing issue. The motion to compel as to Interrogatory No. 17 is denied as moot.

### d. Interrogatory No. 24

Interrogatory No. 24 asks Plaintiff to identify all communications and documents exchanged with any North Ridge Recovery (Defendant) employee relating to work schedule, absenteeism or arriving late or early to work. (ECF 44-4). Defendant says that Plaintiff produced text messages with Brittany Hambleton, specifically discussing changes to her schedule and calling off from work, and yet did not mention this in responding to this interrogatory. (ECF 44 at 4-5). Also, during Plaintiff's deposition, she discussed telephonic communications she had with Ms. Hambleton that were not disclosed in this interrogatory. (*Id*.). This information would be reflected in her phone call logs/records. (*Id*.).

Through the parties' briefing and at the hearing, it became apparent that Plaintiff had destroyed the text messages sent to Ms. Hambleton, and Defendant does not have access to the original messages through company records. Thus, there is no way to retrieve the original text

messages, and the parties must rely on the blurry and sometimes unreadable screenshots of text messages which Plaintiff produced. I cannot compel Plaintiff to produce something she does not have. However, Plaintiff is ordered to update this interrogatory to include accurate information including the text messages and phone call logs/records. The motion to compel is granted as to Interrogatory No. 24.

### e. Request for Production No. 6

Request for Production No. 6 asks that Plaintiff produce all documents she has received from North Ridge Recovery and/or sent to North Ridge Recovery including, but not limited to, employee handbooks, notices, memos, correspondence, emails, and text messages. (ECF 44-6). Defendant says Plaintiff has not produced full text message conversations that she had with Brittany Hambleton or Brittney Collins or conversations of text messages and emails that she received from former employee, Sarah Kline. (ECF 44 at 5-6). As previously stated, the text messages with Ms. Hambleton no longer exist and cannot be produced. However, to the extent Plaintiff has other communications, as identified by Defendant, she is ordered to update this discovery response to reflect accurate information. The motion to compel is granted as to Request for Production No. 6.

### f. Request for Production No. 15

Request for Production No. 15 asks Plaintiff to produce any documents related to communications between her and anyone other than her attorney regarding this lawsuit. (ECF 44-6). The document at issue is a draft affidavit from Ms. Kline. (ECF 48 at 8-9). Defendant argues this draft affidavit is discoverable. Plaintiff claims this draft affidavit is protected work product. (*Id.*).

This draft affidavit is protected work product. Under Federal Rule of Civil Procedure 26(b)(3), "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." *D.O.H. v. Lake Cent. Sch. Corp.,* No. 2:11-CV-430, 2015 WL 1538804, at *9 (N.D. Ind. Apr. 7, 2015).

First, the affidavit was prepared in anticipation of this litigation. In the Seventh Circuit, the court has not spoken directly to the issue of whether third party/non-party witness affidavits are work product, but the lower courts have. *See D.O.H. v. Lake Cent. Sch. Corp.*, No. 2:11-CV-430, 2015 WL 1538804, at *12 (N.D. Ind. Apr. 7, 2015) (affidavits and questionnaires); *Boyer v. Gildea*, 257 F.R.D. 488, 492 (N.D. Ind. 2009) (draft affidavits and emails about them). These lower courts have found that third party/non-party witness affidavits are protected work product as they disclosure mental impressions of attorneys and case strategy.

Next, Defendant has not shown substantial need. Overcoming work product requires substantial need and inability to obtain the equivalent without undue hardship. Fed. R. Civ. P. 26(b)(3); *Boyer*, 257 F.R.D. at 491, 493 (no substantial need where taking a deposition is an available option). Where the witness is available, the party should take a deposition or its own affidavit. *See D.O.H.,* 2015 WL 1538804, at *12.

Defendant argues Ms. Kline is unavailable because she has been evading service and thus Defendant has not been able to contact her for a deposition. (ECF 50 at 7-10). However, Defendant does not cite any caselaw that says that evading service constitutes unavailability. *See*

*U.S. S.E.C. v. Sentinel Mgmt. Grp., Inc.,* No. 07 C 4684, 2010 WL 4977220, at \*9 (N.D. Ill. Dec. 2, 2010) (noting that a witness is unavailable when dead, hostile and out of the country, or a party is completely denied access to the witness). Unavailability for the purposes of disclosing protected work product is a higher bar than a hostile witness evading service. Defendant has stated that it plans to take Ms. Kline's deposition, so given Ms. Kline is not considered unavailable, there is no substantial need for disclosure of her affidavit.

The motion to compel is denied as to the draft affidavit. However, Plaintiff has not produced a privilege log identifying the draft affidavit. Plaintiff is ordered to do so. The motion to compel is granted as to the production of a privilege log.

### g. *Request for Production No. 18*

Request for Production No. 18 asks that Plaintiff produce all documents that relate to Plaintiff's involvement in litigation. (ECF 44-6). Plaintiff again limited her response to the last five years, and for the reasons stated above when discussing Interrogatory Nos 13-15, that limitation is not appropriate. However, at the hearing, Plaintiff's counsel stated there are no additional documents to produce. Given Plaintiff has produced all that she can, the motion to compel as it relates to these additional documents is denied as moot.

Also at issue is a redaction of a July 25, 2024, email between Ms. Kline and Plaintiff. (ECF 44 at 7). Plaintiff argues the redacted portion of the email was communication between Plaintiff and her counsel and is protected by attorney-client privilege. (ECF 48 at 9-10). Following discussion at the hearing, the Court agrees that this is protected by attorney-client privilege. However, Plaintiff has not produced a privilege log identifying this redaction. The

motion to compel is denied as to production of an unredacted email but granted as to the production of a privilege log.

## IV.   Defendant's Request for Plaintiff's Second Deposition

Defendant argues that Plaintiff should be compelled to return for second deposition to discuss the contents of the illegible text messages and outstanding production that Defendant is awaiting. (ECF 44 at 6). Although Plaintiff argues a second deposition is unjustified, the availability of a second deposition is left to the discretion of the Court. *See Perry v. Kelly-Springfield Tire Co.,* 117 F.R.D. 425, 426 (N.D. Ind. 1987). Due to Plaintiff's delay in production and unwillingness to allow Plaintiff to refer to documents (text messages and phone logs) to refresh her memory during the first deposition, Defendant's counsel should have the opportunity to question Plaintiff regarding this new evidence. *See Goudy v. Cummings,* No. 112CV00161SEBTAB, 2016 WL 10570258, at *1 (S.D. Ind. Feb. 19, 2016). As such Defendant is allowed to depose Plaintiff for a second time, limited to evidence and areas not covered in the first deposition. This second deposition will occur in person, as requested by Defendant. The motion to compel is granted as to Defendant's request for Plaintiff's second deposition.

Defendant also requested court reporter fees associated with the second deposition. As discussed at the hearing, if, at the first deposition, Defendant had the opportunity to question Plaintiff further the deposition would have been longer and incurred more court reporter fees, the same court reporter fees which would be incurred at a second deposition. The net time used to depose Plaintiff in an extended first deposition would be the same as a shorter first deposition and a subsequent second deposition. Defendant acquiesced to this point. The motion to compel as to Defendant's request for court reporter fees is denied.

V.    **Conclusion**

Defendant's motion to compel (ECF 44) is GRANTED in part and DENIED in part.

In sum:

(1) A decision on Interrogatory No. 7 is held under advisement. Plaintiff is ORDERED to file this subject letter with the Court on or before May 15, 2026.

(2) The motion is GRANTED as to Interrogatory Nos. 13-15.

(3) The motion is DENIED as moot as to Interrogatory No. 17.

(4) The motion is GRANTED as to Interrogatory No. 24.

(5) The motion is GRANTED as to Request for Production No. 6.

(6) The motion is DENIED as to production of the draft affidavit and GRANTED as to production of a privilege log in Request for Production No. 15.

(7) The motion is DENIED as moot as to production of litigation documents, DENIED as to production of the redacted email, and GRANTED as to production of a privilege log in Request for Production No. 18.

(8) The motion is GRANTED as to Defendant's request for Plaintiff's second deposition and DENIED as to costs and fees associated with the second deposition.

Plaintiff is ORDERED to produce the above compelled discovery on or before May 28, 2026. Plaintiff is reminded of her obligation to continually update interrogatory responses and requests for production to reflect accurate information.

Plaintiff is ORDERED to provide Defendant with the medical release for Dr. Williams on or before May 15, 2026.

Defendant is ORDERED to file a notice with the Court when Plaintiff's second deposition is scheduled.

Given the hardship faced by Defendant in this discovery process, Defendant is granted an indefinite discovery extension to conduct Plaintiff's second deposition and obtain medical records from Dr. Williams, as discussed at the hearing.

Defendant is afforded until May 21, 2026, to file a request for reasonable costs and fees associated with the motion to compel.

SO ORDERED.

Entered this 13th day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge