**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| **OLINKA LASHAE CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Cause No. 1:25-cv-00029-HAB-ALT** |
| | ) | |
| **HICKORY TREATMENT CENTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

On April 10, 2026, Defendant filed its motion to compel (ECF 44), asking that the Court compel Plaintiff to provide complete answers to various interrogatories, supplement requests for production, and attend a second deposition (*id*.). On May 7, 2026, the Court held a hearing on the motion to compel (ECF 53) and on May 13, 2026, issued an order granting the motion in part and denying it in part (ECF 54). In that Order, the Court held the motion to compel under advisement as to Interrogatory No. 7. (ECF 54 at 3). The Court ordered Plaintiff to produce a letter for in camera review to determine if this letter was responsive and should have been included in Plaintiff's answer to Interrogatory No. 7. (*Id*.). Plaintiff was ordered to submit the letter for in camera review on or before May 15, 2026. (*Id*.).

On May 15, 2026, Plaintiff submitted the letter for in camera review. (ECF 55). The motion to compel (ECF 44) is DENIED as to Interrogatory No. 7.

Interrogatory No. 7 asks Plaintiff to identify any journals, notes, recordings, photographs, or other such memoranda of any meetings, events, conversations, or other communications concerning the factual allegations against Defendant in her complaint. (ECF 44-3). Defendant asks that Plaintiff supplement her response to include information about "bates-label Clark –

RPD 011, which is a letter she allegedly drafted during her employment with Defendant." (ECF 44 at 2-3). However, Plaintiff argues that she provided the letter in her first production on August 29, 2025. (ECF 48 at 2-3). She says that because the document does not address the factual allegations in her amended complaint, it does not need to be included in her interrogatory response because it is not responsive. (*Id.*).

After reviewing the letter, Plaintiff's position is persuasive. The letter appears to be an anonymous letter directed to Indiana FSSA, Division of Mental Health and Addiction. (ECF 55-1). The letter alleges that "Hickory Treatment Center could be causing great harm to these clients by having non-licensed workers provide them with weekly therapy. It is unethical and against everything that the Indiana Behavioral Health Board allows." (*Id.*). Defendant believes Plaintiff drafted this letter during her employment. (ECF 44 at 2-3).

Plaintiff's amended complaint alleges race and age discrimination and that Defendant fired her after she violated an attendance policy while a younger, white employee was not fired for the same conduct. (*See* ECF 4). The letter discusses none of these allegations. (*See* ECF 55). It does not mention Plaintiff's race or age, the attendance policy, or Plaintiff's medical issues, which she cites as the reason for her failure to comply with the policy. Additionally, Plaintiff's amended complaint does not discuss the allegations in the letter such as Defendant's hiring practices and the qualifications of its employees. (*See* ECF 4). Although the letter may be relevant evidence going forward, the letter does not concern the factual allegations in Plaintiff's amended complaint and is nonresponsive to Interrogatory No. 7. Plaintiff need not amend her response to Interrogatory No. 7 to include information surrounding this letter (ECF 55).

The motion to compel (ECF 44) is DENIED as to Interrogatory No. 7.

SO ORDERED.

Entered this 20th day of May 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge